***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. The Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Kemper Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury to his lower back on 5 June 1995.
5. The issue for determination is:
 • Whether plaintiff is bound by a Compromise Settlement Agreement entered into by the parties on 9 June 1999?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Pursuant to a mediated settlement conference held on 22 March 1999, the parties entered into a Compromise Settlement Agreement by which plaintiff received from defendants a lump sum payment of $14,500.00 in addition to the payment by defendants of plaintiff's outstanding medical bills related to his injury.
2. The Compromise Settlement Agreement was signed by the parties on 9 June 1999, and approved by Deputy Commissioner George T. Glenn, II on 21 June 1999.
3. Plaintiff testified that although he signed the agreement, he did not want to give up his right to pursue future workers' compensation benefits. Plaintiff further claims that the attorney who represented him at the mediated settlement agreement was not the attorney that he hired to represent him (Attorney Leah Lassiter).
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
In order to prevail in a claim attempting to set aside a signed and Commission-approved Compromise Settlement Agreement, the claimant must show that there has been error due to fraud, misrepresentation, undue influence or mutual mistake. Plaintiff has failed to demonstrate error due to fraud, misrepresentation, undue influence or mutual mistake; therefore, the Compromise Settlement Agreement remains in force. N.C. Gen. Stat. § 97-17(a).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and is, hereby DENIED.
2. Each party shall pay their own costs in this action.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER